Jeffrey A. Coleman (SBN 209669)
LAW OFFICES OF JEFFREY A. COLEMAN
195 South "C" Street, Suite 250
Tustin, CA 92780
Tel: 714.730.6477
Fax: 714.242.9941
jeff@thecolemanfirm.com

Attorneys for Defendant AMTRVST REO, I, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

STEVE DAFNIS,

Plaintiff,

v.

AMTRVST REO, I, LLC,

Defendant.

Case No.: SACV12-870 CJC(ANx)

**DEFENDANT AMTRVST REO, I, LLC MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

Defendant AMTRVST REO, I, LLC ("Defendant") submits the following MEMORANDUM OF CONTENTIONS OF FACT AND LAW:

**SUMMARY OF PLAINTIFF'S CLAIMS (L.R. 16-4.1(a))**

a. Claim 1: There is only one claim that will be tried. Defendant is the assignee of a promissory note in the amount of $150,000.00 and deed of trust

(collectively, the "Loan") that STEVE DAFNIS ("Plaintiff") executed on June 1, 2009. Plaintiff's property at 29542 Spotted Bull Lane, San Juan Capistrano, CA 92675 ("Spotted Bull Property") secured the Loan. Plaintiff contends the Loan, which he does not deny receiving (in full), violates 11 USC § 1639(d) which is part of the Home Ownership Equity Protection Act ("HOEPA").

b. Elements Required To Prove Claim 1:

Based on the allegations of his complaint filed on June 1, 2012, Plaintiff must prove the following in order to prevail on Claim 1:

(1) Defendant's assignor originated 2 or more mortgages referred to in subsection 11 USC § 1602(aa) in any 12-month period; and

(2) That the Loan contained a balloon payment requirement *or* contains a default interest rate.

c. Evidence In Opposition To Claim 1:

(1) Promissory Note dated June 1, 2009

(2) Deed of trust dated June 1, 2009

(3) Defendant's May 31, 2012 Pay-Off Demand

(4) Notice of Trustee's Sale May 15, 2012

d. Affirmative Defenses To Claim 1:

(1) Waiver & Estoppel: Plaintiff consented to payments to Defendant on the Loan during his bankruptcy proceedings (8:10-bk-27295 ES filed on December 7, 2010 and 8:11-bk-13926 ES, collectively "Plaintiff's Bankruptcy Cases") and never challenged the Loan's validity under HOEPA.

(2) *Res Judicata*: The relief sought by Plaintiff is, in whole or in part, barred by the final judgment in *Ojeda v. Dafnis* (Orange County Superior Court Case no. 30-2012-00576359-CU-BC-CJC) and orders made in Plaintiff's Bankruptcy Cases.

(3) Collateral Estoppel: The relief sought by Plaintiff is, in whole or in part, barred by issues litigated and decided in *Ojeda v. Dafnis* and orders made in Plaintiff's Bankruptcy Cases.

(4) Unclean Hands: The relief sought by Plaintiff is, in whole or in part, barred by Plaintiff's intentional destruction of the Spotted Bull Property after this action was initiated and Defendant foreclosed on the Spotted Bull Property.

e. Elements Required To Establish Each Of The Affirmative Defenses:

(1) Waiver & Estoppel: The voluntary and intentional relinquishment of a known right resulting in a change of position by a defendant to its detriment. (Pacific States Corp. v. Hall (9th Cir 1948) 166 F.2d 668, 671)

(2) *Res Judicata*: The doctrine of *res judicata* prohibits the re-trial of claims that have been litigated between the parties, or where a plaintiff had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction. (Roos v. Red (2005) 130 Cal.App.4th 870, 879

(3) Collateral Estoppel: The defense bars re-trial of an issue that: (a) was identical to that decided in the prior proceeding; (b) was actually litigated in a prior proceeding; (c) must have been necessarily decided in the prior proceeding; (d) must have been final and on the merits; and (e) is sought against a person who was a party or in privity with a party to the prior proceeding. (Alvarez v. May Dep't Stores, (2006) 143 Cal.App.4th 1223, 1233)

(4) Unclean Hands: The doctrine bars relief to a plaintiff who has "violated conscience, good faith or other equitable principles in his prior conduct, as well as to a plaintiff who has dirtied his hands in acquiring the right presently asserted." (Dollar Sys., Inc. v. Avcar Leasing Sys., Inc., (9th Cir.1989) 890 F.2d 165, 173)

(f) Evidence In Support Of Each Affirmative Defense:

(1) Waiver & Estoppel: The file in Plaintiff's Bankruptcy Cases

(2) *Res Judicata*: The file in *Ojeda v. Dafnis* and Plaintiff's Bankruptcy Cases

(3) Collateral Estoppel: The file in *Ojeda v. Dafnis* and Plaintiff's Bankruptcy Cases

(4) Unclean Hands: Pictures of the Spotted Bull Property

(g) through (i): There are no issues related to these subjects.

**BIFURCATION OF ISSUES (L.R. 16-4.3)**

There is no necessity to bifurcate any issues to be tried as this will likely be a less than 1-day, non-jury trial.

**JURY TRIAL (L.R. 16-4.4)**

Trial by jury is not available to either party.

**ATTORNEY'S FEES (L.R. 16-4.5)**

Plaintiff is entitled to fees if he prevails under 11 USC § 1640(a)(3).

**ABANDONMENT OF ISSUES (L.R. 16-4.6)**

Plaintiff will abandon his claims for actual damages and rescission, and pursue only statutory damages under 11 USC § 1640. Defendant will pursue the affirmative defenses discussed, above.

DATED: May 18, 2014

LAW OFFICES OF JEFFREY A. COLEMAN

By: /s/ Jeffrey A. Coleman
Attorneys for Defendant
AMTRVST REO, I, LLC